OPINION
The defendant, Mark S. Murray, was tried in the Court of Common Pleas of Montgomery County without the intervention of a jury and found guilty of theft in violation of R.C. 2913.02(A)(1), and from the judgment and sentence thereupon entered in the trial court, Murray has perfected an appeal to this court.
In February, 1990, the appellant worked as a machinist for Mutual Tool Die Company, but he quit his job without giving any notice to his supervisor. In the absence of such notice, Mutual could have paid Murray the minimum wage rather than the hourly rate that he was earning, but the company eventually paid the appellant his regular wage. However, sometime after leaving his employment, the appellant returned to Mutual late in the evening to gather his tools.
Thereafter, Murray's girlfriend, Linda Reuscher, asked him about "a big item that looked like a microscope" sitting in his bedroom, after which he explained that the item was "insurance in case they try to screw me out of my last paycheck."
Subsequently, and after some disagreements between Reuscher and Murray, she told Mutual's president, Dave Dudon, about the theft, and upon investigation, he learned that a height gauge was missing. After confirming that the gauge was missing, Dudon spoke with Reuscher about returning the tool while assuring her that Mutual would not pursue charges. Later, however, Reuscher explained to Dudon that Murray had removed the height gauge and that he would have to resolve the matter with Murray without her help. Thereafter, attempts to retrieve the height gauge from the appellant failed, after which Dudon contacted the police and agreed to pursue formal charges.
In this appeal, the appellant has set forth three assignments of error, the first of which has been presented as follows:
 THE CONVICTION SHOULD BE REVERSED BECAUSE THE STATE FAILED TO PROVE THAT THE DEFENDANT EVER OBTAINED OR EXERTED CONTROL OVER THE OWNER'S PROPERTY, BEING AN EIGHTEEN-INCH HEIGHT GAUGE.
As noted by the appellant, the State was required to prove that Murray, without the owner's consent, obtained and exerted control over the gauge. And in this regard, the evidence shows that Mr. Murray breached company policy by removing his tools without his supervisor's inspection. Thereafter, his girlfriend at that time, Linda Reuscher, observed "a big item that looked like a microscope" in Murray's bedroom, and she testified that the appellant told her that he was keeping the height gauge to insure that Mutual Tool paid him his full wages.
While the State's evidence was not particularly impressive, it was sufficient, when coupled with the only reasonable inferences deducible therefrom, to support the charge by the requisite degree of proof. Although the prosecution was forced to rely substantially upon the testimony of Murray's vindictive ex-girlfriend, Reuscher, the determination of the issue of credibility was nonetheless an exclusive prerogative of the trier of the facts. State v. DeHass (1967),10 Ohio St.2d 230, syllabus. See also, State v. Walker (1978),55 Ohio St.2d 208, 212. Moreover, the trier of the facts was free to consider all of the circumstances attending the alleged theft. See, Statev. Jenks (1991), 61 Ohio St.3d 259. Here, the evidence presented, if believed by the trial court, was sufficient to demonstrate that Murray obtained and exerted control over the height gauge, and the first assignment of error is overruled.
The second assignment of error has been alleged as follows:
 THE CONVICTION SHOULD BE REVERSED BECAUSE THE CONVICTION WAS AGAINST THE WEIGHT OF THE EVIDENCE.
In the case of State v. Thompkins (1997), 78 Ohio St.3d 380, 387, the Supreme Court of Ohio alluded favorably to State v. Martin (1983),20 Ohio App.3d 172, where the syllabus provides as follows:
 "In considering the claim that the conviction was against the manifest weight of the evidence * * * [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
After reviewing the evidence in the record, we conclude that the trier of fact did not lose its way, and that Murray's conviction is not against the manifest weight of the evidence. Hence, the second assignment of error must be overruled.
The third assignment of error, which also challenges the State's evidence, has been set forth as follows:
 THE CONVICTION SHOULD BE REVERSED BECAUSE THE ACTUAL VALUE OF THE ALLEGED STOLEN ITEMS WERE NEVER SHOWN TO BE GREATER THAN $500.00.
Ordinarily, the value of stolen property, such as a height gauge, which retains substantial utility for its purpose, is the cost of replacing the property with new property of like kind and quality. R.C. 2913.61(D)(2).
Here, the State introduced three exhibits to demonstrate the replacement value of the height gauge, and the quotes from the exhibits ranged from $840.00 to $996.00. At the trial, the appellant did not contest the validity of the quotes, and nothing otherwise appears in the record to suggest that the height gauge taken from Mutual Tool by Mr. Murray did not retain substantial utility for its intended purpose. On the contrary, Murray must have known that the gauge was usable when he removed it from Mutual Tool. Based upon the evidence, therefore, the third assignment of error is overruled.
All of Murray's assignments of error having been overruled, the judgment will be affirmed.
 ____________________ KERNS, J.
GRADY, PJ., and FAIN, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).